IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GREGORY ROBINSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV28 |
| ) | |
| MR. J. FRICK, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| GREGORY ROBINSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV192 |
| ) | |
| MR. HONBARRIER and ) | |
| MR. SHULER, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Gregory J. Robinson's ("Plaintiff") "Motion for Join[d]er and Reimbursement of Funds." (Docket Entry 17.)[1] In his motion, Plaintiff seeks to join two actions (1:22CV28 and 1:22CV192) and receive a reimbursement of the filing fee from the latter action. All properly served Defendants from both relevant cases

---

[1] All docket citations refer to the docket for *Robinson v. Frick,* 1:22CV28, unless otherwise noted.

1

have responded, and the motion is now ripe for disposition. For the reasons that follow, the undersigned recommends that the motion be denied.

I. Background

In January 2022, Plaintiff, a pro se inmate, brought suit against Defendants Frick and Williams, who were both employees at the Piedmont Correctional Institution, alleging constitutional violations pursuant to 42 U.S.C. § 1983 (hereinafter "*Robinson I*"). (*See* Docket Entry 2.) In November 2022, Plaintiff filed an Amended Complaint, which now serves as the operative complaint. (Docket Entry 7.) *See Haley v. Wellpath, LLC,* No. 323CV00085FDWDCK, 2023 WL 3080745, at *1 (W.D.N.C. Apr. 25, 2023) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.) In his Amended Complaint, Plaintiff only names Defendant Frick.[2] (*See id.* at 2; *see* Docket Entry 8 at 1.)[3] As a result, the Court terminated Defendant Williams from the action in March 2023. (*See* Docket Entry dated 03/30/2023.)

Additionally, in March 2022, Plaintiff filed another application to proceed IFP and a Complaint against Defendants Williams, Honbarrier, and Shuler in both their individual and official capacities (hereinafter "*Robinson II*"). *See Robinson v. Honbarrier,* 1:22CV192 (M.D.N.C.). *Robinson II* alleges the same facts as *Robinson I* but does not name Defendant Frick as a defendant. (*See generally id.*) After IFP review, the Court dismissed Defendant Williams from *Robinson II* because Plaintiff had not alleged sufficient facts against her to state a plausible

---

[2] Defendant Frick was sued in both his individual and official capacities and has waived service. (Docket Entry 7 at 2; *see* Docket Entry 13 at 1.)
[3] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

claim. (*See Robinson II*, Docket Entries 4 at 3-4, 8 at 2.) Defendant Honbarrier waived service, but Defendant Shuler did not waive service, nor has he been served. (*See Robinson II,* Docket Entries 12, 13, 17 at 2.)

In both actions, Plaintiff alleges that, while incarcerated at the Piedmont Correctional Institution, he was placed in handcuffs for 3.5 hours, which led to an injury in his wrist and left forearm. (*See Robinson I*, Docket Entry 7 at 5, 8; *see Robinson II*, Docket Entry 2 at 5-6.) He claims that Defendant Honbarrier initially handcuffed him, and Defendant Shuler, "who was to watch over the inmates in the holding cell," refused to remove the handcuffs after repeated requests. (*Robinson I,* Docket Entry 7 at 5-6.) At some point, Plaintiff claims that Defendant Frick was called and asked whether the handcuffs could be removed, but Defendant Frick instructed staff to leave Plaintiff in handcuffs. (*Id.* at 6.) Eventually, Defendant Frick removed the handcuffs. (*Id.* at 7.)

Plaintiff now seeks to consolidate his two actions pursuant to Rule 18(a) so that he can receive reimbursement of his duplicative filing fee. (Docket Entry 17 at 1.) Defendants Frick and Honbarrier (hereinafter "Responding Defendants"), responded to Plaintiff's motion and consent "to consolidating the other case (1:22-cv-192) into this case (1:22-cv-28) by adding Defendants Honbarrier and Schuler as defendants to this case (1:22-cv-28) and administratively closing the other case (1:22-cv-192)." (*Robinson I,* Docket Entry 18; *see Robinson II,* Docket Entry 17.) Defendant Shuler, who has not been served, did not respond to the motion. (*See Robinson II,* Docket Entry 17 at 2.) Further, Responding Defendants note that Defendant Williams was terminated as a defendant in the instant action and dismissed as a defendant during frivolity review in 1:22CV192, and thus she should not be re-added to the

3

instant action. (Docket Entry 18 at 2-3; *see* Text Order dated 03/30/2023.) Responding Defendants do not take a position regarding the reimbursement of filing fees. (Docket Entry 18 at 3.)

II.     Discussion

In his "Motion for Join[d]er and Reimbursement of Funds," Plaintiff states that he wishes "to join the case numbers 1:22-CV-192 and 1:22-CV-28 and to reimburse Plaintiff funds that was deducted from Plaintiff's trust fund account for 1:22-CV-00192-WO," pursuant to Rule 18(a). (Docket Entry 17 at 1.) However, Rule 18(a) allows a party to add claims against the opposing party, it does not allow for two cases with different defendants to be joined together. Fed. R. Civ. P. 18(a) ("A party asserting a claim . . . may join, as independent or alternative claims as many claims as it has against an opposing party."); *see also Joyce v. Philips,* No. 7:15CV00549, 2015 WL 7458657, at *2 n.3 (W.D. Va. Nov. 23, 2015) ("Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join either as independent or as alternative claims, as many claims as it has against an opposing party." (internal quotations and citation omitted)).

Instead, "Rule 42(a) speaks to combining separate actions before the court . . . ." *Gonzalez v. Vilsack,* No. 3:18CV459, 2021 WL 1082479, at *6 (E.D. Va. Mar. 19, 2021); Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing of trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay."). Once two actions "meet the threshold requitement of involving 'a common question of law or fact[,]' . . . whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne*

*Healthcare Mgmt., Inc.,* No. Civ. A. 3:04-CV-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (citing *Arnold v. Eastern Air Lines,* 681 F.2d 186, 193 (4th Cir. 1982)). The court has broad discretion to consolidate cases under Rule 42(a). *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977).

> In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Sec. Litig.,* 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing *Arnold,* 681, F.2d at 193).

However, "consolidation 'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Mainstreet Collection, Inc. v. Kirkland's Inc.,* No. 4:09-CV-189-FL, 2010 WL 3394693, at *1 (E.D.N.C. Aug. 27, 2010) (citing *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97 (1933)). Instead, consolidation "is a mere matter of convenience in administration, to keep [the two actions] in step. They remain as independent as before." *Capps v. Newmark S. Region, LLC,* 53 F.4th 299, 302 (4th Cir. 2022) (citation omitted). As such, "consolidated actions retain their separate character." *See Chaara v. Intel Corp.,* 410 F. Supp. 2d 1080, 1090 (D.N.M. 2005), *aff'd,* 245 F. App'x 784 (10th Cir. 2007) (citing *Schnabel v. Lui,* 302 F.3d 1023, 1035 (9th Cir. 2002)).

Here, Plaintiff has met the threshold requirement of Rule 42. The underlying factual allegations for the two actions are identical, namely that Plaintiff was handcuffed for 3.5 hours. (*See* Docket Entry 7.) Moreover, consolidating the cases does not carry a risk of prejudicing

5

any defendants. However, given that Plaintiff has filed pro se and that the actions are at different stages of litigation,[4] the undersigned finds that there is a risk of confusion. Since there is little risk of inconsistent adjudications and no discernable difference regarding judicial efficiency, the undersigned denies Plaintiff's request to consolidate the cases.

Additionally, Plaintiff should not receive reimbursement for his filing fee in *Robinson II*. "[A] plaintiff's obligation to pay the filing fee is incurred at the time the action is filed." *Fox v. Samuels,* No. CIV.A. 1:12-0242, 2012 WL 3156580, at *2 (S.D.W. Va. July 13, 2012), *report and recommendation adopted, No.* CIV.A. 1:12-0242, 2012 WL 3156573 (S.D.W. Va. Aug. 3, 2012) (citing *Criswell v. Patrick,* 2011 WL 3654464 (D.S.C. Aug. 19, 2011). Here, Plaintiff filed *Robinson II* on March 10, 2022, at which point he became responsible for the filing fee. *See e.g., id.* Accordingly, his later actions do not absolve him of the responsibility. Moreover, even if the Court ordered that the cases be consolidated, since consolidation does not merge the cases into one action, *Robinson II* would remain open and thus it would be illogical to reimburse the filing fee. Therefore, the undersigned recommends denying Plaintiff's motion regarding reimbursing Plaintiff's filing fee.[5]

### III. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's "Motion for Join[d]er and Reimbursement of Funds" be **DENIED**. (1:22CV28, Docket Entry 17; 1:22CV192, Docket Entry 16.) Specifically, the undersigned **RECOMMENDS** that

---

[4] Discovery has commenced in *Robinson I* but not *Robinson II*. (*See* Docket Entry 15.)

[5] Alternatively, instead of construing Plaintiff's motion pursuant to Rule 41(a), the Court could have construed it as a motion for permissive joinder of the *Robinson II* defendants pursuant to Rule 20(a)(2) and voluntary dismissal of *Robinson II* pursuant to Rule 41(a). *See* Fed. R. Civ. P. 20(a)(2); *see* Fed. R. Civ. P. 41(a). However, neither method entitles Plaintiff to reimbursement of his filing fee.

Plaintiff's request to consolidate cases 1:22CV28 and 1:22CV192 and Plaintiff's request for reimbursement of his filing fee in 1:22CV192 be **DENIED**.

Additionally, regarding service of Defendant Shuler in 1:22CV192, in compliance with Standing Order 19, the North Carolina Department of Adult Correction ("DAC") has provided notice to the Court that the DAC is unable to procure a waiver of service of process for Defendant Schuler. A last known address has been provided for said Defendant under seal (*see* 1:22CV192, Docket Entry 13), thus the Court will direct the Clerk to issue a summons for Defendant Shuler, with the address remaining under seal, as "the Court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis.*" *Kaminsky v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:08CV882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) (unpublished); *see also Shirley v. Staubs*, 812 F. App'x 162 (4th Cir. 2020).

**IT IS HEREBY ORDERED** that the Clerk shall prepare a summons, *in redacted form,* with the address remaining under seal, for Defendant Shuler identified in the sealed response. (1:22CV192, Docket Entry 13.) The defendant's last known address shall remain under seal for security and safety reasons. The United States Marshal shall serve the redacted summons and Amended Complaint upon said defendant.

                                                        /s/ Joe L. Webster
                                                     United States Magistrate Judge

March 7, 2024
Durham, NC